UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CARL THOMPSON and JOHN RODRIGUEZ,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE MATTHEW
ZITO, SHIELD NO. 4038, DETECTIVE ANDREW
ERATO, JOHN DOE POLICE OFFICERS ##1-8,
                                          Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

DOCKET #

ECF CASE

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a July 24, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, malicious prosecution, deprivation of plaintiff's personal property, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Carl Thompson is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. Plaintiff John Rodriguez is a citizen of the United States and at all time here relevant resided in Kings County, City and State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. Detectives Matthew Zito and Andrew Erato at all times here relevant were employees of the NYPD assigned to the Brooklyn North Narcotics Bureau. Each is sued in his individual and official capacities.

11. John Doe Police Officers, at all times here relevant, were employees of the NYPD, and are sued in his individual and official capacities.

12. At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On July 24, 2012, at approximately 8:00 P.M., Plaintiff Carl Thompson was in his car parked near the corner of Broadway and Gates Avenue in Brooklyn, NY, in front of a McDonald's restaurant.

14. A friend, Plaintiff John Rodriguez, who was driving a truck, pulled up in a legal parking space saw him and began speaking to him. They were sitting in plaintiff's car having a conversation when police officers rolled up to the car and knocked on the window, using their guns to do so.

15. Plaintiff Thompson was physically yanked out of the car, and the police officers commenced a search of the automobile in a manner that caused damage to the car.

16. Plaintiff Thompson had a pouch of prescribed methadone under the seat of his car. Plaintiff had been enrolled in a methadone treatment program since 1993. Plaintiffs were placed under arrest.

17. When plaintiff Thompson explained that he had a card for his medication, a police officer responded "I don't want to see your fucking card!"

18. Plaintiffs were arrested and charged with possession of a controlled substance. They were held at the precinct, sent to Central Booking, arraigned and released by a judge. While in custody, police deprived Plaintiff Thompson of his prescribed methadone, and held it for months until the case was dismissed.

19. After three appearances in criminal court, all charges against plaintiff Thompson were dismissed. Plaintiff John Rodriguez made numerous appearances and all charges were dismissed against him. Both deny having any illegal substance in his possession.

20. The police officers told him that there was a robbery in the area, and he was placed under arrest without probable cause that he committed the robbery the officers were allegedly investigating or any other offense.

21. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual

officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

22. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

23. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the United States Constitution to be free from an unreasonable search of plaintiff's person.

    b. Violation of plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

    c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

    d. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    e. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

    g. deprivation of property;

    h. economic loss; and

    i. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they illegally searched the plaintiff Thompson's car, subjected plaintiff Thompson to unnecessary and excessive force, and falsely arrested and maliciously prosecuted both plaintiffs. Defendants are liable to plaintiffs under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

26. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

27. The above paragraphs are here incorporated by reference.

28. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

29. There was no reasonable expectation of successfully prosecuting plaintiffs.

30. Plaintiffs were aware of their confinement and did not consent.

31. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

32. Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

33. All preceding paragraphs are here incorporated by reference.

34. Defendants, acting with malice, initiated a prosecution against plaintiffs and caused them to be prosecuted.

35. The criminal proceedings were terminated favorably to plaintiffs.

36. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

37. As a result of the malicious prosecution implemented by defendants, plaintiffs were damaged.

### FOURTH CAUSE OF ACTION
### (CONSPIRACY)

38. The above paragraphs are here incorporated by reference.

39. Defendant officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiffs.

40. Defendant Officers took action in furtherance of this agreement by charging plaintiffs with resisting arrest.

41. Plaintiffs were injured as a result of defendants' conspiracy.

### FIFTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

42. The preceding paragraphs are here incorporated by reference.

43. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

44.     As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.     In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B.     Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C.     Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         November 1, 2013

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY 10007

     Detective Matthew Zito

     Detective Andrew Erato

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com